1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JACINTO TARON ROBINSON,                    No.  1:25-cv-01189-SKO (HC)

12                   Petitioner,                **ORDER DISMISSING PETITION WITH
                                                LEAVE TO FILE FIRST AMENDED
13          v.                                  PETITION**

14   WARDEN, FCI-MENDOTA,                        **[THIRTY-DAY DEADLINE]**

15                   Respondent.

16

17          Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

18   pursuant to 28 U.S.C. § 2241. Petitioner filed the instant petition on September 12, 2025.  After

19   conducting a preliminary review of the petition, the Court has discovered that the petition does

20   not contain an original signature. In addition, Petitioner fails to state a cognizable claim for relief.

21   Therefore, the Court will dismiss the petition and grant Petitioner an opportunity to cure these

22   deficiencies in a First Amended Petition.

23                                    **DISCUSSION**

24   **A.      Preliminary Review of Petition**

25          Rule 4 of the Rules Governing § 2254 Cases[1] requires the Court to make a preliminary

26   review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it

27   _____

28   [1] The Rules Governing Section 2254 Cases in the United States Courts (Habeas Rules) are appropriately applied to
     proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule 1(b).

                                          1

1  plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the

2  Rules Governing § 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir.

3  1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it

4  appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson,

5  440 F.2d 13, 14 (9th Cir. 1971).

6  **B.      Failure to State a Claim**

7         The basic scope of habeas corpus is prescribed by statute.  Title 28 U.S.C. § 2241(c)(3)

8  provides that the writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in

9  violation of the Constitution or laws or treaties of the United States."  The Supreme Court has

10  held that "the essence of habeas corpus is an attack by a person in custody upon the legality of

11  that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

12         In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires

13  that the petition:

       (1)   Specify all the grounds for relief available to the petitioner;
       (2)   State the facts supporting each ground;
       (3)   State the relief requested;
       (4)   Be printed, typewritten, or legibly handwritten; and
       (5)   Be signed under penalty of perjury by the petitioner or by a person authorized to
             sign it for the petitioner under 28 U.S.C. § 2242.

18         Further, 28 U.S.C. § 2242 requires a petitioner to allege the facts concerning the

19  petitioner's commitment or detention.

20         Petitioner fails to present a discernable claim.  Petitioner is challenging a finding of guilt

21  for possessing drugs in prison in a disciplinary hearing held on January 24, 2025, but does not

22  allege that any of his constitutional rights were violated. In ground one, he claims he was

23  punished with 41 days loss of time credits in retaliation for pursuing administrative remedies. He

24  does not provide any additional details to explain this claim. Presumably, he was found guilty and

25  was assessed a loss of credits for possessing drugs, not for pursuing administrative relief. It does

26  not make sense that the DHO did not sanction him for possessing drugs but then did so after

27  Petitioner appealed.  If that is Petitioner's claim, he does not adequately demonstrate how this

28  occurred or provide documentary evidence to support the claim, such as the DHO report.

In ground two, Petitioner raises a challenge to the tests used in his case, but the Court cannot discern his argument. In the space provided for supporting facts, Petitioner states: "P.S. 6060.88 Sec.9 will state the violation of the process in this matter the test are done and confirmed by lab the facts must show cause of loss of liberty." (Doc. 1 at 6.) This statement is undiscernible.

In ground three, Petitioner alleges "Agents boast of Petitioner not being heard because of Agents pacts with themselves." (Doc. 1 at 6.) Again, the Court cannot discern the claim. Petitioner appears to claim that prison staff made certain representations and statements, but he fails to state how his due process rights were violated. Merely stating that agents were boasting about Petitioner is insufficient; he must explain exactly what the agents did to deny him his rights.

Finally, in ground four, Petitioner claims the Warden punished him before the UDC review, and the DHO punished him for actions of another inmate. It is unclear what Petitioner is claiming as he provides no details regarding how the Warden punished him before the UDC review. As to his claim regarding the DHO, Petitioner appears to be claiming innocence to the charges and that the acts were actually committed by another inmate, but he does not provide any details. He refers the Court to the DHO report, but he fails to attach the report.

**C.    Lack of Signature**

Local Rule 131 requires a document submitted to the Court for filing to include an original signature.  Rule 2 of the Rules Governing Section 2254 Cases also requires that a petition for writ of habeas corpus "be signed under penalty of perjury by the petitioner."

Petitioner is advised that he must sign the First Amended Petition under penalty of perjury.  He is forewarned that failure to do so will result in dismissal of the petition pursuant to Local Rule 110.

**D.    Conclusion**

For the foregoing reasons, the petition must be dismissed.  Petitioner will be granted an opportunity to file a First Amended Petition curing the deficiencies.  Petitioner is advised that he should caption his pleading, "First Amended Petition," reference the instant case number, and sign it under penalty of perjury.  Petitioner is advised that failure to comply with this order may result in a recommendation that the action be dismissed.

1

**ORDER**

2

     Accordingly, IT IS HEREBY ORDERED:

3

  1) The petition is DISMISSED with leave to amend;

4

  2) Petitioner is GRANTED thirty (30) days from the date of service of this order in

5

     which to file a First Amended Petition signed under penalty of perjury; and

6

  3) The Clerk of Court is directed to provide Petitioner with a blank § 2241 form petition.

7

8

IT IS SO ORDERED.

9

Dated:   **September 16, 2025**        /s/ *Sheila K. Oberto*

10

                              UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4