UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACINTO TARON ROBINSON,

Petitioner,

v.

WARDEN, FCI-MENDOTA,

Respondent.

No.  1:25-cv-01189-JLT-SKO (HC)

**FINDINGS AND RECOMMENDATION TO DENY PETITION**

**[21-DAY OBJECTION DEADLINE]**

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He filed the instant First Amended Petition on October 9, 2025.  Petitioner takes issue with a disciplinary proceeding in which he was found guilty of possessing drugs/alcohol in prison.  Respondent filed a response to the petition on February 19, 2026. (Doc. 13.) Petitioner did not file a reply. Upon review of the pleadings, the Court will recommend the petition be DENIED.

**DISCUSSION**

A.      Incident Report[1]

On December 14, 2024, Correctional Officer E. Boston assisted with escorting inmates including Petitioner from the visiting area. Boston informed Petitioner that he would be searched

---

[1] The facts are taken from the Incident Report dated December 14, 2024, and the Disciplinary Hearing Officer Report dated January 28, 2025. (Doc. 13-1 at 15-22.)

1

after his inmate visit before returning to his housing unit. Petitioner asked why he was being searched again after he'd already been searched earlier. Boston directed Petitioner to the visual search area in the visiting room. As Boston escorted Petitioner to the area, he observed Petitioner reach into his jacket and retrieve an unknown item and attempt to conceal it in his hand before tossing it behind the dirty clothes bins. Boston immediately instructed Petitioner to cease his actions and submit to hand restraints, and Petitioner complied. Boston then retrieved the item which was a package wrapped in black electrical tape. Concealed within the package was approximately 1.9 grams of a white powdery substance.

The suspected contraband was then turned into SIS for testing. The contraband was first tested using the Narcotics Identification System ("NIK") and followed the IDENTIDRUG chart. The first test indicated amphetamine-type compounds. A second test was conducted which positively identified the substance as methamphetamine.

Petitioner was charged with possession of drugs/alcohol in violation of Disciplinary Code 113. Petitioner denied the charge. The Disciplinary Hearing Officer ("DHO") found Petitioner guilty based on the weight of the evidence, and sanctioned Petitioner with a loss of 41 days of good conduct time credits, among other sanctions.

B.      Due Process Rights in Prison Disciplinary Proceedings

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-455 (1984)).

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; (3) an impartial hearing

2

body, and (4) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.  Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567.

The record reveals all of Petitioner's procedural due process rights were provided. First, he received advanced written notice more than 24 hours prior to the hearing. The hearing was conducted on January 24, 2025. Petitioner was provided a copy of the incident report on January 13, 2025, and received notice of the hearing on January 17, 2025, nine days prior to the hearing. (Doc. 13-1 at 15, 19.)

Second, Petitioner was granted the opportunity to call witnesses and present documentary evidence. The report shows Petitioner declined to do so. (Doc. 13-1 at 15.) Petitioner's only response to the charge was, "Not Guilty." (Doc. 13-1 at 15.)

Third, there is no indication in the record that the DHO was not impartial. The DHO had no role in the incident other than to preside at the hearing.

Fourth, Petitioner was provided a written statement of the evidence relied upon and the reasons for the sanction. He was given a copy of the DHO's report on January 28, 2025. (Doc. 13-1 at 18.)

Due process also requires that the decision be supported by "some evidence."  Hill, 472 U.S. at 455 (citing United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)). "The standard is 'minimally stringent' only requiring 'any evidence in the record that could support the conclusion reached by the disciplinary board.'" Cato v. Rushen, 824 F.2d 703 (9th Cir. 1987) (citing Hill, 472 U.S. at 454-456) (referring to Hill evidence as "meager" but sufficient).

Petitioner claims the DHO violated four different BOP program statements, but he alleges only one error. He claims that the contraband was not tested by a third-party lab, as required under the regulations.  Petitioner cites to "6060.99, Sec 9." (Doc. 5 at 3.)  As noted by Respondent, this is likely a reference to Section 9 of Program Statement 6060.08 which discusses procedures for testing an inmate's urine. As the testing procedure applies to urine samples alone, it has no relevance to Petitioner's contraband.

There is also ample evidence supporting Petitioner's guilt. Petitioner was witnessed

3

discarding the contraband, and the contraband was tested twice to reveal the presence of methamphetamine. The DHO relied on the correctional officer's eyewitness report, the narcotics tests, photographic evidence, and a chain of custody report for the evidence. (Doc. 13-1 at 17.)

Accordingly, Petitioner fails to demonstrate that his due process rights were violated. Wolff, 418 U.S. at 564; Hill, 472 U.S. at 455.  The petition should be denied.

**RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that the habeas corpus petition be DENIED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **March 25, 2026**                    _/s/ Sheila K. Oberto_

4

UNITED STATES MAGISTRATE JUDGE